UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PAUL T. CLARKE (#337576)                                CIVIL ACTION

VERSUS

STEVE RADER                                             NO. 10-0308-JJB-CN

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, January 20, 2012.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**PAUL T. CLARKE (#337576)**                        **CIVIL ACTION**

**VERSUS**

**STEVE RADER**                                     **NO. 10-0308-JJB-CN**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The petitioner, Paul T. Clarke, challenges his convictions, entered in 2004 in the Nineteenth Judicial District for the Parish of East Baton Rouge, State of Louisiana, on five counts of armed robbery and one count of conspiracy to commit armed robbery. He contends (1) that his Fifth and Fourteenth Amendment rights to due process were violated when he was denied the right to have counsel present during his custodial interrogation, (2) that his Fifth and Fourteenth Amendment rights to due process were violated when the trial court denied his motion to suppress his confession, (3) that his Fourteenth Amendment right to due process was violated as a result of cumulative trial errors, (4) that his Sixth Amendment right to counsel was violated when he was provided with ineffective assistance of counsel at trial, and (5) that his Sixth Amendment right to confrontation was violated by the State's repeated references at trial to statements made by the petitioner's co-defendant.

The petitioner was initially charged, by bill of information, with eight counts of armed robbery and one count of conspiracy to commit armed robbery. Prior to trial, the State dismissed three of the armed robbery counts. Also prior to trial, the petitioner moved to suppress a confession which he made to investigating police officers, arguing that the confession was obtained in violation of Miranda v. Arizona, that it was not freely and voluntarily given, and that it was obtained after he had invoked his right to counsel. After an evidentiary hearing in the

trial court, the court granted the petitioner's motion and ruled the confession to be inadmissible. The State of Louisiana sought appellate review of this determination, and on February 25, 2002, the Louisiana Court of Appeal for the First Circuit granted the State's writ application, reversed the trial court, and denied the petitioner's motion to suppress the confession. By decision rendered August 30, 2002, this determination was upheld by the Louisiana Supreme Court, which denied the petitioner's application for supervisory review. See State v. Clarke, 823 So.2d 942 (La. 2002).

After a trial by jury conducted in March, 2004, the petitioner was found guilty in connection with the remaining counts and, on June 18, 2004, was sentenced to fifty (50) years in confinement on each of the five armed robbery charges, and twenty (20) years in confinement on the conspiracy count, with these sentences to be served concurrently. On October 5, 2004, the petitioner filed a motion for appeal, which motion was granted on October 22, 2004. In his direct appeal, the petitioner argued that the appellate court had erred in overruling the trial court's grant of his motion to suppress his confession. On November 9, 2005, the petitioner's convictions and sentences were affirmed by the Louisiana Court of Appeal for the First Circuit. State v. Clarke, 913 So.2d 897 (La. App. 1st Cir. 2005). After denial of a request for rehearing, the petitioner sought supervisory review in the Louisiana Supreme Court, which court denied review on September 1, 2006. State v. Clarke, 936 So.2d 194 (La. 2006). Upon the failure of the petitioner to file an application for a writ of certiorari in the United States Supreme Court, his convictions became final on November 30, 2006, after expiration of the ninety-day period allowed for him to do so.

Approximately nine (9) months later, on or about August 26 2007,[1] the petitioner filed an application for post-conviction relief ("PCR") in the state trial court, wherein he asserted that (1) inadmissible other crimes evidence was admitted during the trial, (2) he was provided with ineffective assistance of counsel when his attorney failed to object to the introduction of other crimes evidence, (3) the prosecution engaged in misconduct during trial, and (4) his right to confrontation was violated by repeated references to the statement of his co-conspirator. On February 20, 2008, the state court Commissioner recommended that the petitioner's claims be dismissed, in part as procedurally barred and in part as being without substantive merit, and on May 8, 2008, the trial judge adopted the Commissioner's recommendations and dismissed the petitioner's PCR. On June 5, 2008, the petitioner filed a timely Notice of Intention to seek supervisory review, and the trial judge set a return date of August 25, 2008. The petitioner thereafter filed a timely writ application with the Louisiana Court of Appeal for the First Circuit on or about July 12, 2008.[2] The intermediate appellate court, however, denied the writ application on October 14, 2008, without substantive review, finding that the petitioner had failed to comply with the procedural requirements set forth in Rule 4-5 of the Uniform Rules –

---

[1] Although the petitioner's application for post-conviction relief was docketed as filed in the state trial court on August 29, 2007, the Court will apply the "mailbox rule" articulated in Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), pursuant to which an inmate petitioner is deemed to have filed his habeas corpus pleading on the date that he placed it in the prison mailing system and not on the date that it was ultimately docketed by the receiving court. Accordingly, inasmuch as the petitioner signed his state court application on August 26, 2007, the Court will utilize this date as the date of the petitioner's filing.

[2] Although the petitioner's writ application was docketed as filed in the state appellate court on July 14, 2008, it was signed by the petitioner on July 12, 2008. See note 1, supra.

Louisiana Courts of Appeal, which Rule identifies the documentation which a petitioner must provide when filing an application for supervisory review. Specifically, the court stated:

> **WRIT DENIED ON THE SHOWING MADE.** Relator has failed to include the application for post conviction relief, the state's answer, if any, the commissioner's report, the trial court's ruling, the entire trial transcript, and any other portions of the district court record that might support the claims raised in the application for post conviction relief. Supplementation of this writ application and/or an application for rehearing will not be considered.... Any future filing on this issue should include the entire contents of this application, the missing items noted above, and a copy of this ruling. In the event relator elects to file a new application with this Court, the application must be filed on or before December 15, 2008.

The petitioner thereafter filed a second application for supervisory review with the First Circuit court on November 10, 2008,[3] which application was denied on February 26, 2009. The petitioner's subsequent writ application to the Louisiana Supreme Court was also denied, with that Court denying review on January 29, 2010. See State ex rel. Clarke v. State, 25 So.3d 824 (La. 2010).

On April 30, 2010, the petitioner filed the instant habeas corpus proceeding in this Court. The State contends that the petitioner's application in this Court is untimely and argues, in the alternative, that the application should be dismissed, in part as procedurally defaulted, and in part as being without substantive merit.

## LEGAL ANALYSIS

### The Petitioner's Application is Untimely

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period runs from the date upon which the judgment becomes final through conclusion of direct review or through expiration of the time for seeking such review. 28 U.S.C. §

---

[3] Although the petitioner's application for supervisory review was docketed as filed in the state appellate court on November 14, 2008, it was signed by the petitioner on November 10, 2008. See note 1, supra.

2244(d)(1)(A). As provided by the statute, the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any part of the one-year limitation period. 28 U.S.C. § 2244(d)(2). To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005), citing Artuz v. Bennett, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000). A state application is "pending" both while it is before a state court for review and also during the intervals between a state court's disposition of an application and the petitioner's timely filing of an application for review at the next level of state consideration. Melancon v. Kaylo, 259 F.3d 401 (5th Cir. 2001).

In the instant case, the petitioner's conviction became final on November 30, 2006, ninety days after denial of his application for supervisory review in the Louisiana Supreme Court in connection with his direct appeal. It is undisputed that the petitioner then allowed two hundred and sixty-nine (269) days of un-tolled time to elapse prior to his filing of an application for post-conviction relief ("PCR") in the state district court on August 26, 2007. It is further undisputed that, upon completion of proceedings in connection with the petitioner's PCR application, through denial of the petitioner's request for supervisory review in the Louisiana Supreme Court on January 29, 2010, the petitioner then allowed an additional ninety-one (91) days of un-tolled time to elapse prior to his filing of his federal habeas corpus application in this Court on April 30, 2010. Accordingly, it is undisputed that, prior to commencement and after completion of the petitioner's PCR proceedings,

a total of three hundred and sixty (360) days elapsed on the one-year time clock during which the petitioner did not have pending any properly filed application for post-conviction or other collateral relief before the state courts.  The question then becomes whether, during the intervening time period, <u>i.e.</u>, during the time after the filing of the petitioner's PCR application in the state district court and prior to completion of the PCR proceedings in the Louisiana Supreme Court, his application ceased to be pending and/or ceased to be properly filed for any period of time.  <u>See</u> <u>Melancon v. Kaylo</u>, <u>supra</u> (holding that a pending PCR application must have been properly filed in order for the limitations period to remain tolled).

A review of the record reflects that, upon the filing of the petitioner's initial PCR application on August 26, 2007, the limitations period remained tolled until May 8, 2008, on which date the state trial court denied the petitioner's application.  Pursuant to Rule 4-3 of the Uniform Rules – Louisiana Courts of Appeal, the petitioner then had, in the absence of an extension, thirty (30) days within which to file a timely application for supervisory review before the Louisiana Court of Appeal for the First Circuit.  The petitioner, by filing a timely Notice of Intent to seek supervisory review in the appellate court within this thirty-day period, which the trial court subsequently granted by setting a return date of August 25, 2008, outside of the thirty (30) day period, effectively sought and obtained such an extension.  <u>See</u> <u>Dixon v. Cain</u>, 316 F.3d 553 (5th Cir. 2003) (holding that when a petitioner files a notice of intention to seek supervisory writs within the 30-day time period, and the trial court sets a return date outside of the 30-day time period, the court has effectively granted the petitioner an extension of time to file his writ application).  Accordingly, inasmuch as it is well-

settled that an application for post-conviction relief remains pending both during the time that it is before the state court for consideration and also during the time, after the state court renders a decision, when the petitioner is procedurally authorized to proceed to the next level of state court review, Melancon, supra, the petitioner's application remained pending at least until August 25, 2008, the date set by the trial court for filing his application for supervisory review in the appellate court. The State argues, however, that when the petitioner filed his initial application for supervisory review, on July 12, 2008, he did not comply with state procedural rules and did not attach to his application documentation required to be attached thereto by Rule 4-5 of the Uniform Rules – Louisiana Courts of Appeal. The State asserts that, as a result, the intermediate appellate court thereafter explicitly dismissed the application for this procedural deficiency on October 14, 2008. Accordingly, the State contends that the petitioner's first-filed application in the appellate court was not "properly filed". The State argues that, as a result, upon expiration of the time allowed by the trial court for filing a timely application for supervisory review, i.e., on August 25, 2008, there was no longer any "properly filed" application for post-conviction or other collateral review pending before the state court within the meaning of § 2244(d)(2). To the contrary, there was only an improperly filed application pending and, thus, the running of the limitations period re-commenced on that date.

The State's argument is persuasive. As previously noted, a state application for post-conviction relief is "properly filed" pursuant to § 2244(d)(2) only "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Artuz v. Bennett, supra; see also Villegas v. Johnson, 184 F.3d 467 (5th Cir. 1999) (holding

that a properly filed application is "one that conforms with a state's applicable procedural filing requirements"). Recently, in <u>Larry v. Dretke</u>, 361 F.3d 890 (5th Cir.), <u>cert. denied</u>, 543 U.S. 893, 125 S.Ct. 141, 160 L.Ed.2d 157 (2004), the Fifth Circuit summarized the law governing when a state application is "properly filed", and held, relative to procedural filing rules, that "if the applicable procedural rule is an 'absolute bar to filing' such that it provides 'no exceptions' and the court need not examine 'issues related to substance' to apply the procedural rule then the application is not 'properly filed'". <u>Id.</u> The Court emphasized in <u>Larry</u> that the procedural statute in that case, which prohibited review of an application for post-conviction relief if the petitioner's direct appeal was still pending, included no express statutory provision allowing the state court to review the application notwithstanding the procedural bar. The Court further suggested that such an express statutory exception must be present in order for an application, which has been filed in derogation of the state's procedural rules, to be considered "properly filed". Citing <u>Emerson v. Johnson</u>, 243 F.3d 931 (5th Cir. 2001) (finding that an application is not "properly filed" where the procedural rule at issue "seemingly provides no exceptions and does not require an examination of the merits of the [petitioner's] claim"); <u>Williams v. Cain</u>, 217 F.3d 303 (5th Cir. 2000) (finding that an application is not "properly filed" unless the procedural statute at issue specifically provides circumstances under which the state habeas court may consider an otherwise improperly filed application); <u>Smith v. Ward</u>, 209 F.3d 383 (5th Cir. 2000) (finding that an application was "properly filed", despite the petitioner's failure to comply with a state procedural rule, because the procedural rule explicitly allowed for discretion to consider the application under

certain circumstances); <u>Villegas v. Johnson</u>, <u>supra</u> (finding that an application was "properly filed", although it did not comply with a state procedural rule barring successive petitions because, based on the rule itself, state courts could accept and review successive petitions). <u>See also</u> <u>Melancon</u>, <u>supra</u> (finding that a late-filed application for supervisory review in the intermediate Louisiana appellate court is "properly filed" because of a statutory exception allowing consideration of same, whereas a late-filed application in the Louisiana Supreme Court is not "properly filed" because there is no similar statutory exception).

The decision in <u>Edwards v. Dretke</u>, 2003 WL 21321231 (N.D. Tex., June 5, 2003), <u>affirmed</u>, 116 Fed.Appx. 470 (5th Cir. 2004), is also instructive. In that case, the state habeas corpus petitioner had failed to comply with a procedural rule which required him to set out his grounds for relief in the body of his habeas corpus form and not by reference to an attached paper. The state clerk of court nonetheless accepted the application for filing, and the trial court substantively addressed the claims asserted therein. Upon subsequent review by the state appellate court, however, the court rejected the petitioner's application in its entirety because the initial filing had failed to comply with the referenced procedural rule. When the petitioner thereafter filed an application for federal habeas review, the court determined that the petitioner's application was untimely, specifically because, although his application had been "pending" for some period of time before the state courts, it had never been "properly filed" so as to interrupt the limitations period. Moreover, the mere fact that the application had been accepted for filing in the state trial court and had been substantively reviewed by that court did not render the state application "properly filed". This determination was upheld by the

United States Court of Appeals for the Fifth Circuit. See Edwards v. Dretke, 116 Fed.Appx. 470 (5th Cir. 2004).

Turning to the instant case, Rule 4-5 of the Uniform Rules - Courts of Appeal mandates that a writ application "shall contain ... a copy of the judgment, order, or ruling complained of ... a copy of the judge's reasons for judgment, order, or ruling (if written) ... a copy of each pleading on which the judgment, order, or ruling was founded ... [and] a copy of pertinent court minutes ...." There is no exception stated in the Rule which would allow a court to review an application which is not compliant therewith. In the instant case, the petitioner's application for supervisory review in the Louisiana appellate court was explicitly denied for failure to comply with this Rule, specifically because the petitioner "failed to include the application for post conviction relief, the state's answer, if any, the commissioner's report, the trial court's ruling, the entire trial transcript, and any other portions of the district court record that might support the claims raised in the application for post conviction relief." In other words, the petitioner failed to provide any of the documentation which the appellate court needed to evaluate the substantive merit of the petitioner's claims. In denying the petitioner's application, the state appellate court further ruled that "supplementation of this writ application and/or an application for rehearing will not be considered." Instead, the court merely authorized the petitioner to file a "new application" on or before December 15, 2008.

In Dugas v. Cain, 2010 WL 2816247 (W.D. La., May 25, 2010), the United States District Court for the Western District of Louisiana addressed a situation similar to that presented herein. In that case, after the denial of the petitioner's PCR application in the state trial

court, the petitioner apparently filed two writ applications to the intermediate appellate court. Both of these applications were denied on procedural grounds, the first because the application was premature and the second because, as here, the petitioner failed to comply with Rule 4-5 by failing to provide, inter alia, copies of the judgment complained of, the pleadings on which the judgment was founded, and the trial court's reasons for judgment. In thereafter addressing the timeliness of the petitioner's application for habeas corpus relief in federal court, the Court concluded that neither of these applications had tolled the limitation period "because both of the writs ... were not 'properly filed'", relying upon Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005) (holding that post-conviction applications which are rejected on the basis of "filing conditions" are not "properly filed" because they "go to the very initiation of a petition and a court's ability to consider that petition").

Similarly, in Mark v. Michael, 2008 WL 4365929 (E.D. La., Sept. 23, 2008), an identical situation was presented, and whereas the Court ultimately concluded that the petitioner's habeas corpus application was independently untimely, the Court addressed the effect which would have been given to the petitioner's state court application for supervisory review in the intermediate appellate court, which application had failed to comply with Rule 4-5 and which application had been explicitly dismissed for that reason, with the proviso, as in this case, that the petitioner could re-file his application by a certain date. As stated by the Court in Mark:

> [E]ven if the disputed writ application had been [timely] filed ..., it would change nothing here because it was not "properly filed" as required for tolling credit under 28 U.S.C. § 2244(d)(2). It is clear that a "properly filed application" is "one that conforms with a state's applicable procedural filing requirements," i.e., "those prerequisites that must be satisfied before a state court will allow

> a petition to be filed and accorded some level of judicial review." Villegas v. Johnson, [supra]. Therefore, to be "properly filed," an application must comply with the applicable "rules governing filings," including "the form of the document." Artuz v. Bennett, [supra]. Under the applicable rules of Louisiana state courts, an appellate court writ application must include all pertinent documents from the lower court.... Louisiana Uniform Rules - Courts of Appeal, Rule 4-5. Without any level of substantive review, the Louisiana First Circuit Court of Appeal rejected petitioner's application for noncompliance with that procedural rule ....Therefore, regardless of when [the petitioner's] application was filed, it was not "properly filed."

State v. Mark, supra. See also Howard v. Cain, 2011 WL 3794909 (M.D. La., Aug. 2, 2011) (holding that writ applications filed without the documentation required by Rule 4-5 of the Louisiana Uniform Rules "were not 'properly filed' for purposes of § 2254(d)(2)" and did not toll the limitations period).

Based on the foregoing, this Court similarly concludes that the petitioner's filing of his n application for supervisory review in the Louisiana appellate court on July 12, 2008, which application did not comport with the procedural requirements of Rule 4-5 and which application was explicitly denied for that reason, was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). As a result, when the time allowed to the petitioner by the state trial court to file his application for supervisory review elapsed, on August 25, 2008, he no longer had a properly filed application for post-conviction or other collateral review pending before the state courts. This is because, upon passage of the allowable time to seek supervisory review in the intermediate appellate court, "a petitioner is not entitled to further appellate review, and therefore, he has no application 'pending' in the state court," Melancon v. Kaylo, 259 F.3d 401 (5th Cir. 2001). See also Artuz v. Bennett, supra (recognizing that a state court application for post-conviction relief may be "pending, but not properly filed") (Emphasis in original). Accordingly, an additional period of at least

fifty (50) days of un-tolled time elapsed between August 25, 2008, the last day he could timely file an application for supervisory review, and October 14, 2008, the date upon which the appellate court denied his writ application but authorized him to file a second writ application by November 10, 2008.[4] This additional period, combined with the 360 days which have already been determined to have elapsed on the one-year limitations clock, compels the determination that the petitioner's application in this Court is untimely and must be dismissed.[5]

Finally, although this Court also has the power to equitably toll the statute of limitations in exceptional circumstances, Davis v. Johnson, 158 F.3d 806 (5th Cir. 1998), cert. denied, 526 U.S. 1074, 119

---

[4] The State argues that tolling of the petitioner's limitations period did not recommence until the date that he actually filed his second writ application in the intermediate appellate court, not on the date that the appellate court denied his initial application and provided him with authorization to file another. The Court need not address this issue.

[5] The petitioner's reliance upon Grillette v. Warden, Winn Correctional Center, 372 F.3d 765 (5th Cir. 2004), is misplaced. In Grillette, the State argued that the petitioner's application for habeas corpus relief was untimely where the petitioner had failed to file an application for supervisory review in the state appellate court for more than a year after his PCR was denied. In reversing the lower court's determination of untimeliness, the Fifth Circuit found that "extenuating circumstances" warranted a finding that the tolling of the limitations period had continued for the entire time because the petitioner established, with competent and undisputed evidence, that he had given timely oral notice to the state trial court of his intention to seek supervisory review, and the state trial court had explicitly advised that a return date would be set at a later time. As a result, the Fifth Circuit Court found that when the petitioner thereafter filed his state court application for supervisory review within the time subsequently set by the trial court, in reliance on the state court's advice, his application was timely because the trial court had implicitly granted him an extension of time to file. In the instant case, in contrast, although the state trial court also implicitly granted the petitioner an extension of time to file an application for supervisory review (by setting a return date outside of the 30-day period allowed), the petitioner thereafter failed to comply with procedural rules when he filed his application within that period. As a result, upon passage of the time set by the state trial court, there was no longer "pending" any "properly filed" application for state post-conviction or other collateral review within the meaning of 28 U.S.C. § 2244(d)(2).

S.Ct. 1474, 143 L.Ed.2d 558 (1999), this Court finds no compelling reason to recommend tolling in this case. Accordingly, the Court finds that the petitioner is not entitled to equitable tolling of the limitations period.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be denied as untimely.

Signed in chambers in Baton Rouge, Louisiana, January 20, 2012.

**MAGISTRATE JUDGE CHRISTINE NOLAND**